1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

12

STEVEN TRENT VOILES,
CDCR #AA-5875,

13
                                            Plaintiff,

14

15                          vs.

16

17   IAN ST. JOHN; REVIS,

18

19

20                                         Defendants.

21

Civil No.      10-0948 JAH (NLS)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S
MOTION TO PROCEED *IN
FORMA PAUPERIS*, IMPOSING
INITIAL PARTIAL FILING FEE
AND GARNISHING BALANCE
FROM PRISONER'S TRUST
ACCOUNT PURSUANT
TO 28 U.S.C. § 1915(a)
[Doc. No. 3];**

**AND**

**(2)  SUA SPONTE DISMISSING
COMPLAINT FOR FAILING TO
STATE A CLAIM PURSUANT TO 28
U.S.C. § 1915(e)(2)(B) AND § 1915A(b)**

22        Steven Trent Voiles ("Plaintiff"), a state prisoner currently incarcerated at the California

23   Substance Abuse Treatment Facility located in Corcoran, California, and proceeding in pro se,

24   has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

25        Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he

26   has filed a certified copy of his inmate trust account statement which the Court has liberally

27   construed as a  Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

28   [Doc. No. 3].

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows a current available balance of $234.01, an average monthly balance of $149.93, and average monthly deposits totaling $319.46. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 3] and assesses an initial partial filing fee of $63.89 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the CDCR, or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").  The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).   However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

In his Complaint, Plaintiff alleges Defendant Revis, a Doctor who was treating Plaintiff in a counseling program as part of his probation, falsely told his probation officer, Defendant St. John, that Plaintiff was not attending his counseling sessions. *See* Compl. at 3-4.  As a result, Defendant St. John had Plaintiff's probation revoked and he is currently incarcerated.  *Id.*

These claims amount to an attack on the constitutional validity of Plaintiff's probation revocation, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc).  A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489).  Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his probation revocation and subsequent incarceration. *Heck*, 512 U.S. at 487.  In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."

1    *Heck*, 511 U.S. at 486.  This is precisely what Plaintiff attempts to accomplish here.  Therefore,

2    to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that

3    the probation revocation which forms the basis of his § 1983 Complaint has already been:

4    (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state

5    tribunal authorized to make such a determination; or (4) called into question by the grant of a

6    writ of habeas corpus.  *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120

7    F.3d 1023, 1025 (9th Cir. 1997).    Plaintiff's Complaint alleges no facts sufficient to satisfy

8    *Heck*.   Thus, a suit for money damages based on his probation revocation is not yet cognizable.

9    Accordingly, because Plaintiff seeks damages for allegedly unconstitutional criminal

10   proceedings,  and because he has not shown that his probation revocation  has been invalidated,

11   either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim

12   for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be

13   dismissed without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)

14   (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without

15   prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating

16   the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.

17   1997).

18        Plaintiff also alleges that Defendant St. John subjected Plaintiff to "cruel and unusual

19   punishment" when he used excessive force against him when he "violently pull[ed]" Plaintiff

20   from his car "causing Plaintiff to suffer a hernia."  Compl. at 3. The use of force on a person

21   imprisoned for conviction of a crime can rise to the level of cruel and unusual punishment in

22   violation of the Eighth Amendment when the action amounts to the "malicious or sadistic" use

23   of force. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Spain v. Procunier*, 600 F.2d 189, 197 (9th

24   Cir. 1979).  However, because Plaintiff was not a prisoner  during the time period alleged in his

25   Complaint, the Fourteenth Amendment applies to Plaintiff's claim.  The Eighth Amendment's

26   prohibitions do not apply "until after conviction and sentence."  *Graham v. Connor*, 490 U.S.

27   386, 392 n.6 (1989).  Pretrial detainees, on the other hand, are protected by substantive due

28   process, and may also challenge the use of force against them under the Fourteenth Amendment

1  if that force is so excessive that it amounts to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535

2  (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an

3  adjudication of guilt in accordance with due process of law.").  For pretrial detainees, "who have

4  not been convicted of any crimes, retain at least those constitutional rights that we have held are

5  enjoyed by convicted prisoners."  *Id.* at 545; *Redman v. County of San Diego*, 942 F.2d 1435,

6  1441 (9th Cir. 1991) (en banc) (holding that "deliberate indifference is the level of culpability

7  that pretrial detainees must establish for a violation of their personal security interests under the

8  Fourteenth Amendment," and "conduct that is so wanton or reckless with respect to the

9  'unjustified infliction of harm as is tantamount to a knowing willingness that it occur,' will also

10  suffice to establish liability because it is conduct equivalent to a deliberate choice.") (quoting

11  *Whitley v. Albers*, 475 U.S. 312, 321 (1986)); *see also White v. Roper*, 901 F.2d 1501, 1507 (9th

12  Cir. 1990) (for a pretrial detainee to show a violation of substantive due process, he must show

13  "egregious government conduct in the form of excessive and brutal use of physical force.").

14        In deciding whether the force used is "excessive," the court should consider:  "(1) the

15  need for force; (2) the relationship between the need and the amount of force used; (3) the extent

16  of injury inflicted; and (4) whether the force was applied in good faith.").  *Id.; cf. Hudson*, 503

17  U.S. at 7 (considering same four *Whitley* factors under Eighth Amendment excessive force

18  analysis); *see also Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001) (citing *Rochin v.*

19  *California*, 342 U.S. 165, 169 (1952) (holding that when conduct by governmental officials

20  "offends those canons of decency and fairness which express the notions of justice of

21  English-speaking peoples," and "shocks the conscience," Fourteenth Amendment substantive

22  due process principles are violated)).

23        The Court finds that there are insufficient factual allegations to support the objective

24  prong of an excessive force claim.  Additionally, Plaintiff sets forth no allegations whatsoever

25  which, if proven, would satisfy the subjective prong of an excessive force claim.  The allegations

26  fall far short of that necessary to demonstrate "egregious government conduct in the form of

27  excessive and brutal use of physical force."  *White,* 901 F.2d at 1507.

28  / / /

1    Accordingly, Plaintiff's Fourteenth Amendment excessive force claims are dismissed for

2    failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)

3    & 1915A(b).

### III.

#### CONCLUSION AND ORDER

6    Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

7    1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3]

8    is **GRANTED**.

9    2.    The Secretary of the CDCR, or his designee, is ordered to collect the $63.89 initial

10   partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if*

11   *those funds are available at the time this Order is executed.*  THE INITIAL PARTIAL FILING

12   FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO

13   THIS ACTION.

14   3.    The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's

15   prison trust account the balance of the $350 filing fee owed in this case by collecting monthly

16   payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of

17   the preceding month's income credited to the account and forward payments to the Clerk of the

18   Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

19   § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT

20   NAME AND NUMBER ASSIGNED TO THIS ACTION.

21   4.    The Clerk of the Court is directed to serve a copy of this order on Matthew Cate,

22   Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

23   Sacramento, California 94283-0001.

24   **IT IS FURTHER ORDERED** that:

25   5.    Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief

26   could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is

27   **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First

28   Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's

1  Amended Complaint must be complete in itself without reference to the superseded pleading.

2  *See* S. D. CAL. CIVLR. 15.1.  Defendants not named and all claims not re-alleged in the Amended

3  Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

4  1987).

5          Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

6  may be granted, it may be dismissed without further leave to amend and may hereafter be

7  counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

8  (9th Cir. 1996).

9          6.      The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

10

11  DATED: June 24, 2010          _____

12                                                **HON. JOHN A. HOUSTON**
                                                   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28